**ROSE METAL INDUSTRIES, INC. et al, Appellants and Cross–Appellees,**

**v.**

**WATERS et al, Appellees; Kassouf et al., Appellees and Cross–Appellants.**

[Cite as *Rose Metal Industries, Inc. v. Waters* (1990), 63 Ohio App.3d 662.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57270.

Decided Aug. 2, 1990.

*Richard L. Phillips, Mari Henry Leigh* and *Christine M. Wallace,* for appellants and cross-appellees.

*Donald P. McFadden,* for defendants-appellees Joseph E. Waters and Patricia F. Waters.

*Michael T. Gavin* and *Eli Manos,* for appellees and cross-appellants James J. Kassouf and Riverfront Properties Limited Partnership.

AUGUST PRYATEL, Judge.

Plaintiffs-appellants Rose Metal Industries, Inc. and Lyne Properties, Inc. (collectively "Rose Metal") appeal from the entry of the trial court denying Rose Metal's motion for partial summary judgment and granting the motion for partial summary judgment of defendants-appellees/cross-appellants Joseph Waters et al. ("Waters").[1] For the reasons adduced below, we affirm the trial court's decision.

The record reveals that the present action revolves around four parcels of real estate situated on Old River Road in Cleveland, Ohio, in an area commonly known as the "Flats," and several transactions involving that property. Waters owned all four of the land parcels. In December 1974, Waters leased two of the parcels (specifically parcel numbers 19 and 20, hereafter referred to as the "Leased Premises") to Rose Metal Industries. Rose Metal was also given use and access to the other two parcels (the "Adjacent Premises," a.k.a. parcel numbers 15 and 16) to facilitate access to and provide a parking area for the Leased Premises. See Rose Metal Lease, paragraph 16. As part of the lease, Waters gave Rose Metal the right of first

---

1. In its entry on the cross-motions for partial summary judgment, the court made the determination of no just reason for delay pursuant to Civ.R. 54(B).

refusal for the purchase of the Leased Premises. See Rose Metal Lease, paragraph 24.[2]

On March 5, 1987, defendant-appellee/cross-appellant James Kassouf ("Kassouf") made two separate agreements to purchase all four parcels from Waters. On March 25, 1987, Waters accepted Kassouf's offers. Additionally, Kassouf and Waters executed an addendum to each of the purchase agreements on March 25, 1987. Paragraph 2 of each addendum made the simultaneous closing of the sale of the Leased Premises and the closing of the sale of the Adjacent Premises contingent upon one another.[3] Each addendum also contained a handwritten provision modifying paragraph 8 of the purchase agreement, as follows:

"If Rose Metal Industries exercises its right of first refusal and thereafter completes the purchase of the premises, then this contract is null and void and the earnest money shall be returned to the buyer without liability on the part of any party connected with this transaction."

Waters, by letter dated March 26, 1987, advised Rose Metal of Kassouf's purchase offer and the fact that Waters had accepted the offer subject to Rose Metal's right of first refusal. This letter was received by Robert Rose, President of Rose Metal, on March 30, 1987.

Rose Metal exercised its right of first refusal to purchase the Leased Premises on April 29, 1987, agreeing simultaneously to purchase the Adjacent Premises.

---

**2.** Paragraph 24 of the lease provides:

"Lessor, his personal representatives and assigns, hereby grants [*sic*] to Lessee a first refusal for the purchase of the Leased Premises, exercisable by Lessee at any time during the initial term and any renewal term hereof, to wit: if Lessor shall receive a bona fide offer for the purchase of the Leased Premises, and if Lessor shall in good faith desire to accept any such offer, Lessor shall promptly notify Lessee in writing to that effect, and shall deliver to Lessee an exact copy of said offer, together with the name and address of the offeror. Lessee shall have the right, exercisable in writing within thirty (30) days after receipt by Lessee of such notice and copy of offer from Lessor to purchase the Leased Premises at the same price and upon and subject to the same terms and conditions as are set forth in such bona fide offer. If Lessee shall not exercise this option within the time herein specified, Lessor shall thereafter be free to sell the Leased Premises free of this option and first refusal, but only to such offeror and only upon the terms and conditions contained in such offer, and in that event the property sold to such offeror in compliance with the provisions hereof shall thereafter be released from and free of the first refusal herein granted."

**3.** Paragraph 2 of each addendum provides in part:

"In the event of the transactions contemplated by this Purchase Agreement and Addendum of the Purchase Agreement and Addendum relating to the adjacent premises are not closed in accordance with the terms and conditions of each respective Purchase Agreement and Addendum, this Agreement shall terminate, the earnest money shall be returned to Buyer, and neither party shall have any further obligation to the other."

On May 27, 1987, Rose Metal agreed to assign its rights under the lease to Lyne Properties, Inc. The assignment was scheduled to be completed at the same time as the closing of purchases of all the parcels. On the date scheduled for closing, June 19, 1987, Joseph Waters refused to sign the warranty deed transferring the property to Lyne Properties, thereby stalling the transaction.

Rose Metal and Lyne Properties filed suit on June 24, 1987. By way of the third amended complaint filed on April 14, 1988, plaintiffs-appellants sought from Waters: (1) specific performance of the purchase of the Leased Premises and the Adjacent Premises; (2) breach of contract; (3) an injunction prohibiting the transfer of the property to anyone other than plaintiffs; and (4) breach of the covenant of quiet enjoyment. Plaintiffs-appellants sought damages for tortious interference with contractual relations from defendant-appellee/cross-appellant Kassouf and his alleged assignee Riverfront Properties Limited Partnership and its principals.

Waters counterclaimed against Rose Metal and Lyne Properties and cross-claimed against Kassouf for slander of title and further requested a declaratory judgment as to the rights of the parties under the lease and the Kassouf purchase agreements as modified by the addenda.

Kassouf counterclaimed against Rose Metal and Lyne for wrongful interference with the Kassouf/Waters purchase agreement. Kassouf further sought specific performance of that purchase agreement.

On July 8, 1988, Rose Metal and Lyne Properties moved for partial summary judgment on their claim for specific performance. On August 24, 1988, Waters moved for partial summary judgment on his request for a declaratory judgment regarding the rights of all the parties under the lease and the Kassouf purchase agreements with their addenda.

On February 15, 1989, the court denied Rose Metal and Lyne Properties' motion for partial summary judgment and granted Waters' motion. The court also granted summary judgment in favor of Waters and against Rose Metal/Lyne Properties as to all claims in the third amended complaint. Further, the court granted summary judgment in favor of Waters as to the cross-claims of the Kassouf defendants.

The court's order specifically held the following with regard to Waters' third claim of that party's counterclaim and cross-claim:

"(a) The three (3) pertinent documents, the Lease and the two (2) Kassouf Agreements, TAC [Third Amended Complaint], Exhibits 'C–1 and C–2' are clear and unambiguous;

"(b) The Kassouf Agreements, TAC, Exhibits 'C–1 and C–2,' conditionally sold to James J. Kassouf, personally and to no other person or assignee, the entire four Permanent Parcel Nos. 101–11–015, 101–11–016, 101–11–019, and 101–11–020;

"(c) The condition in the Kassouf Agreements, TAC, Exhibits 'C–1 and C–2' was that the entire sale was subject to the limited Rose Metal Lease right of first refusal;

"(d) The Rose Metal Lease right of first refusal is limited to the 'Leased Premises', Permanent Parcel Nos. 101–11–019 and 101–11–020;

"(e) The Kassouf Agreement, TAC, Exhibits 'C–1 and C–2' did not extend or increase the Rose Metal right of first refusal to include Permanent Parcel Nos. 101–11–015 and 101–11–016;

"(f) After the Kassouf Agreements were executed, Waters (and his Attorney Rosner) had no legal ability to offer to Rose Metal Industries, Inc. and Rose Metal had no legal ability to accept the right to purchase the other Premises, Tax Parcels 101–11–015 and 101–11–016;

"(g) The Kassouf Agreements, TAC, Exhibits 'C–1 and C–2' are null and void and are unenforceable by all parties;

"(h) Joseph E. Waters holds title to Permanent Parcel Nos. 101–11–019 and 101–11–020 subject to the Rose Metal Industries, Inc. Lease, but free and clear of the claims of all other parties; and

"(i) Joseph E. Waters holds title to Permanent Parcel Nos. 101–11–015 and 101–11–016 subject to the easement for parking and access as contained in the Rose/Waters Lease, but free and clear of the claims of all other parties." Trial Court Judgment Entry, pp. 12–13.

Rose Metal and Lyne Properties filed their notice of appeal on February 17, 1989. Waters cross-appealed on February 27, 1989. Kassouf and Riverfront Properties cross-appealed on March 2, 1989.[4]

In order to deal efficiently and coherently with the two remaining appellants, Rose Metal/Lyne Properties and Kassouf/Riverfront Properties, their respective assignments of error will be addressed individually.

## I

Rose Metal and Lyne Properties raise three assignments of error:

---

4. The Waters' cross-appeal was voluntarily dismissed on July 14, 1989.

## A

"The court erred by granting defendants' motion for partial summary judgment."

The parties to this case all agree that the language of the three controlling documents, the lease and the two Kassouf purchase agreements with addenda, is clear and unambiguous. Where the terms of a contract are unambiguous, the court cannot create a new contract by finding an intent not expressed in the clear language of that contract. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 246, 7 O.O.3d 403, 406, 374 N.E.2d 146, 150.

Viewing the documents at issue in a light most favorable to Rose Metal and Lyne Properties, it is clear that Rose Metal and Lyne Properties had a right of first refusal to purchase the Leased Premises only. See Lease, paragraph 24. The question remains as to whether by virtue of the simultaneous closing language of the Kassouf purchase agreements and their addenda, Rose Metal and Lyne Properties had their right of first refusal extended to include the purchase of the Adjacent Premises. We find that the court correctly found that the right of first refusal did not extend to the Adjacent Premises. There is no language in the purchase agreements or their addenda which extends that right to Rose Metal or Lyne Properties, which were not parties to those agreements. The language and the evidence reveal that Kassouf wanted to purchase all four parcels. Knowing that Rose Metal had the right of first refusal on the Leased Premises, Kassouf and Waters inserted language in the purchase agreements sufficient to void the purchase of the property by Kassouf in the event Rose Metal decided to purchase the Leased Premises.

Further, the court correctly voided the Kassouf purchase agreements as being violative of the Rose Metal/Waters lease. Kassouf could not purchase all four parcels in violation of Rose Metal's right of first refusal over the Leased Premises. Rose Metal could not extend its right to purchase the Adjacent Premises. Once Kassouf and Waters executed the purchase agreements, Waters was incapable of offering to sell the Adjacent Premises to Rose Metal, and Rose Metal had no legal ability to accept the right to purchase the Adjacent Premises. See *Atlantic Refining Co. v. Wyoming Natl. Bank of Wilkes Barre* (1947), 356 Pa. 226, 51 A.2d 719 (specific performance denied to enforce a purchase of the larger parcel by a third party or an independent purchase of the smaller parcel by lessee, thereby leaving the parties with title in the original property owner). With no case law on point in Ohio to guide us, we adopt the reasoning of the trial court in placing the title to the property in the hands of Waters as it was prior to the execution

of the purchase agreements and Rose Metal's attempt to exercise its right of first refusal, until such time as Waters decides to sell the parcels subject to Rose Metal's lease right or Rose Metal offers to purchase the Leased Premises from Waters in a transaction uninterrupted by the offers of third parties. *Atlantic Refining Co., supra.*

Assignment overruled.

## B

"The court abused its discretion by denying plaintiffs' motion for partial summary judgment."

Weighing the facts most strongly in favor of Waters, we conclude that the court did not abuse its discretion in denying Rose Metal's motion for summary judgment requesting specific performance. As can be seen from our discussion of the previous assignment, Rose Metal was not entitled to specific performance under the controlling documents regarding purchasing all four parcels simultaneously. See *Atlantic Refining Co., supra.*

Assignment overruled.

## C

"The trial court erred by dismissing claims not raised by the parties' motion for summary judgment."

In addition to denying specific performance, the court granted summary judgment in favor of Waters and against Rose Metal on each of the five counts of the third amended complaint. There is no genuine issue of a material fact with regard to counts one, three, four and five. These counts all are related to breach of the lease in not conveying the parcels to appellants. The subject of Waters' motion involved the enforcement of the lease provision of right of first refusal to purchase the Leased Premises and the effect of the Kassouf purchase agreements on the lease option of Rose Metal's. Having determined that Waters was under no duty to convey all the parcels to Rose Metal, the court did not abuse its discretion in granting summary judgment to Waters on those counts.

The remaining count, count two, alleges a breach of quiet enjoyment in that Waters allegedly expressed his intent to sell and convey the property to Kassouf or others and that any such conveyance would interfere with Rose Metal's "ownership, use and enjoyment of the Waters property in derogation of plaintiffs' contractual right." See Third Amended Complaint, page 8, paragraph 27. This count's language is clear that what is being contested is the ability of Rose Metal to own all four parcels as an exercise of its lease

option and the Kassouf purchase agreements. Again, Rose Metal could not use its lease option to purchase all four parcels. Accordingly, the court correctly granted summary judgment to Waters on this count.

Assignment overruled.

## II

We now turn our attention to the assignments of error raised by cross-appellants Kassouf and Riverfront Properties. The six assignments of error state:

"I. The trial court erred in granting judgment to the defendants Waters as to all claims set forth in the cross-claim of defendant James J. Kassouf.

"II. The trial court erred in granting judgment for the defendants Waters as to all claims set forth in the cross-claim of Riverfront Properties Limited Partnership.

"III. The trial court erred in declaring that the agreement dated March 5, 1987, between the defendants Joseph E. Waters and Patricia F. Waters and the defendant James J. Kassouf pertaining to the property listed by the Auditor of Cuyahoga County as permanent parcel Nos. 101–11–019 and 101–11–020 is null and void.

"IV. The trial court erred in declaring that the agreement dated March 5, 1987 between the defendants Joseph E. Waters and Patricia F. Waters and the defendant James J. Kassouf pertaining to the property listed by the Auditor of Cuyahoga County as permanent parcel Nos. 101–11–015 and 101–11–016 is null and void.

"V. The trial court erred in declaring that the defendant Joseph E. Waters holds title to the property listed by the Auditor of Cuyahoga County as permanent parcel Nos. 101–11–019 and 101–11–020 free and clear of the claims of James J. Kassouf.

"VI. The trial court erred in declaring that the defendant Joseph E. Waters holds title to the property listed by the Auditor of Cuyahoga County as permanent parcel Nos. 101–11–019 and 101–11–020 free and clear of the claims of Riverfront Properties Limited Partnership."

Kassouf and Riverfront Properties have not separately argued the assignments in their brief. Essentially, the argument presented by these cross-appellants is that they had no notice of Waters' request to have the court declare the Kassouf agreements null and void, and these cross-appellants were taken by surprise without opportunity to be heard. Similarly, the dismissal of these cross-appellants' joint cross-claim against Waters is argued as having been made without notice or opportunity to be heard. The cross-

claim was for specific performance of the Kassouf purchase assignments. The record reveals that Kassouf and Riverfront Properties were afforded notice and an opportunity to be heard on their cross-claim. On January 27, 1989, Kassouf and Riverfront Properties filed objections to the proposed judgment entry of the court. The basis for these objections is the same argument presented on their cross-appeal. On January 30, 1989, Waters filed a supplemental motion for partial summary judgment as to Kassouf and Riverfront Properties requesting judgment on those parties' cross-claims based on the law previously argued and submitted to the court. Kassouf and Riverfront did not oppose this motion. Having earlier stated that no party was entitled to specific performance on the Kassouf purchase agreements due to reliance on *Atlantic Refining Co., supra*, we likewise overrule those assignments of error.

*Judgment affirmed.*

STILLMAN and WALKER, JJ., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and ROBERT D. WALKER, J., retired, of the Hancock County Court of Common Pleas, sitting by assignment.